UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GENE ALLEN,

    *Petitioner*,

vs.

STATE OF NEVADA, *et al.*,

    *Respondents*.

2:03-cv-00770-KJD-PAL

ORDER

    This long-closed habeas matter comes before the Court on petitioner's motion (#18) to vacate judgment.

    Final judgment was entered in this matter on September 3, 2003. The Court dismissed the action without prejudice because petitioner failed to comply with the Court's order to either pay the filing fee or submit a properly-completed pauper application.[1] Over four years later, in February 2008, petitioner sought to pursue an untimely appeal. Both this Court and the Court of Appeals denied a certificate of appealability.

    The present motion, filed in July 2010, is untimely. A motion to vacate judgment under subparagraphs (1), (2) or (3) of Rule 60(b) must be filed within a year of entry of judgment, and a motion under the remaining provisions of the rule must be filed within a reasonable time. The Court finds that the present motion was not filed within a reasonable time.

---

[1] Petitioner also submitted a notice of voluntary dismissal, which was received and filed on September 11, 2003.

1       The motion in any event does not present a viable basis for relief for judgment. Petitioner's argument consists only of conclusory sentences or sentence fragments interspersed with case citations having no application to this case. Petitioner's conclusory references to mail having "made compliance slow but impractical" and to "unexhausted claims may be deleted to now file anew" do not provide a basis to vacate the judgment entered in this case, particularly nearly seven years after entry of judgment.[2]

      IT THEREFORE IS ORDERED that petitioner's motion (#18) to vacate judgment is DENIED.

      DATED: July 9, 2010

_____
KENT J. DAWSON
United States District Judge

---

[2] Petitioner has filed substantially the same motion in other closed habeas actions in this District. Petitioner's mere placing of "28 USC @1746" above his signature does not make the motion one filed pursuant to a sworn declaration. The conclusory assertions in the motion in any event, sworn or not, do not set forth a viable basis for relief from judgment.